# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANK MARSH,** | **Civil Action No. 21-17298 (FLW)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **ANTONIO CAMPOS, et al.,** | |
| **Defendants.** | |

This matter having been opened to the Court by Plaintiff's letter dated November 7, 2022, and docketed on November 17, 2022. ECF No. 16. It appearing that:

This matter was removed from the Superior Court of New Jersey, Law Division, Mercer County on or about September 21, 2021. *See* ECF No. 1. The Court previously addressed two separate motions to dismiss Plaintiff's Amended Complaint brought by Defendant Dr. Ihuoma Nwachukwu ("Dr. Nwachukwu") and Defendants New Jersey Department of Corrections ("NJDOC"), DEPTCOR, and Timothy Maines (State Defendants). *See* ECF Nos. 4-5. Plaintiff allegedly fell from the top bunk in his cell and was injured on April 1, 2017, and State Defendants sought dismissal of Plaintiff's New Jersey Tort Claims Act ("NJTCA") claims, as well as purported § 1983 claims, arising from the alleged improper manufacture and assembly of bunk beds at New Jersey State Prison ("NJSP"). Defendant Dr. Nwachukwu sought dismissal of Plaintiff's § 1983 and New Jersey Civil Rights Act ("NJCRA") claims for alleged inadequate medical care and alleged deliberate indifference to Plaintiff's right to safe transportation in connection with the treatment for Plaintiff's injuries after the fall. *See id.*

1

On May 26, 2022, the Court granted Defendant Nwachukwu's motion dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) as to the § 1983 and NJCRA claims of inadequate medical care and Plaintiff's transportation claim.  The Court construed Plaintiff to assert <u>negligence claims</u> under the NJTCA, not § 1983 claims, against the State Defendants and therefore denied the State Defendants' motion to dismiss the § 1983 claims.  Having dismissed the only federal claims against Defendant Nwachukwu, the Court also declined supplemental jurisdiction over the NJTCA claims against State Defendants.  *See* 28 U.S.C. § 1367(c)(3).

Prior to remanding the matter to state court, the Court provided Plaintiff with leave to submit a second amended complaint within 30 days, and informed Plaintiff that if he failed to do so, the Court would *sua sponte* dismiss <u>with prejudice</u> the § 1983 claims against Dr. Nwachukwu and remand the state law claims against the State Defendants to state court.

The time to submit a second amended complaint has expired, and Plaintiff has not submitted an Amended Complaint.  In his November 7, 2022 letter, Plaintiff vaguely states that he submitted an Amended Complaint "in October of last year," and he suggests that prison officials are interfering with his legal mail.  The Court, however, dismissed § 1983 and NJCRA claims against Dr. Nwachukwu on May 26, 2022, and provided Plaintiff with 30 days to submit an Amended Complaint.  As such, Plaintiff's Amended Complaint should have been submitted to prison officials by June 27, 2022, and Plaintiff's claim that he submitted an Amended Complaint in "October of last year" is puzzling at best.  Moreover, Plaintiff does not provide a copy of the purported Amended Complaint.

In his letter, Plaintiff also complains of closures of the prison law library due to COVID-19.  In addition, Plaintiff complains that a corrections officer named Officer Lewis ordered him out of his wheelchair at a medical appointment.  Finally, Plaintiff complains of several alleged

2

acts of retaliation by prison officials, allegedly in response to Plaintiff's filing of civil actions against Dr. Nwachukwu. *See* ECF No. 16 at 1-4.

To the extent Plaintiff is seeking leave to amend in <u>this action</u> to include these various allegations, that request is DENIED. The Court did not provide leave for Plaintiff to raise new and unrelated allegations and defendants in this action. Plaintiff is free to file a <u>new</u> civil rights or other federal action, with the appropriate filing fee or application to proceed *in forma pauperis*, if he believes his federal rights have been violated by the incidents he mentions in his letter.

At this time, the Court dismisses <u>with prejudice</u> the § 1983 claims against Dr. Nwachukwu, declines supplemental jurisdiction over the remaining state law claims, and REMANDS this matter to the Superior Court of New Jersey, Mercer County, Law Division.

**IT IS, THEREFORE**, on this <u>22nd</u> day of November 2022,

**ORDERED** that the § 1983 claims are hereby DISMISSED WITH PREJUDICE as to Defendant Nwachukwu; and it is further

**ORDERED** that having dismissed the only federal claims, the Court declines supplemental jurisdiction over the remaining state law claims against NJDOC, DEPTCOR, and Timothy Maines; and it is further

**ORDERED** that the Clerk of the Court shall REMAND this matter to the Superior Court of New Jersey, Law Division, Mercer County; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Plaintiff at the address on file and mark this case as CLOSED.

_s/Freda L. Wolfson_
Freda L. Wolfson
U.S. Chief District Judge